SPENCER COMPANIES, INC., Plaintiff,

v.

AGENCY RENT–A–CAR, INC., Samuel J. Frankino and Russell A. Smith, Defendants.

Civ. A. No. 81–2097–S.

United States District Court,
D. Massachusetts.

April 29, 1982.

Sandra Lynch, Foley, Hoag & Eliot, Boston, Mass., for plaintiff.

Joshua M. Berman and James S. Dittmar, Berman, Dittmar & Engel, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

SKINNER, District Judge.

I find that the plaintiff has a reasonable likelihood of prevailing on the merits on the following issues:

1. That the defendant, through its president and sole stockholder, Frankino, purchased plaintiff's shares from April through September, 1981 for the purpose of using its position to intimidate the plaintiff into repurchasing its shares at a premium.

2. That in September of 1981, the defendant was put on notice that it was not likely that the plaintiff or its officers would repurchase the stock at defendant's firm price of $15 a share; that defendant nevertheless continued to purchase shares and the purpose of buying shares at this time was to position itself for the eventual take-over of the plaintiff.

3. That from April through November, the defendant was obliged to file Schedules 13D under § 13(d) of the Securities Exchange Act of 1934 (the Williams

Act, 15 U.S.C. § 78m(d)) truthfully stating its purpose in acquiring plaintiff's stock.

4. That the defendant filed Schedules 13D that were materially misleading in that they created the impression that the defendant was considering a number of options with regard to plaintiff's stock, and its purpose was to choose the option most favorable to it, whereas in truth it already had fixed purposes as stated in paragraphs 1 and 2 above which were not fully and fairly disclosed.

5. That the defendant's tender offer dated January 27, 1982 does not fairly disclose either the defendant's purpose in seeking to take over the plaintiff or its prior relationship with the defendants.

I am not satisfied that the plaintiff is likely to succeed on the merits on the issue of the adequacy of the defendant's tender offer as supplemented by the First Supplement thereto dated April 20, 1982.

I find that the plaintiff and its remaining stockholders are likely to suffer irreparable damage if the defendant is permitted to complete the tender offer and achieve control of the plaintiff.

█ I rule, however, that there is no present basis for enjoining the acceptance of stock tenders made after April 20, 1982, since the First Supplement above referred to probably cures defects in notice which affected the defendant's previous filings.

The defendant should not be permitted to accept tender offers made prior to April 20, 1982, however, unless the tenderors have been individually served with the First Supplement dated April 20, 1982.

█ I further rule that until further consideration of appropriate remedial measures, the defendant should not be permitted to vote or exercise any rights with respect to the shares of the plaintiff acquired from April, 1981 through November, 1981 without the full and fair disclosure required by the Williams Act.

Accordingly, a preliminary injunction shall issue in accordance with the foregoing.